[No. 12086–1–II.   Division Two.   June 8, 1989.]

MEADOW PARK GARDEN ASSOCIATES, *Respondent*, v.
VALINDA CANLEY, *Petitioner.*

*E. Jane Molt* of *Puget Sound Legal Assistance,* for petitioner.

*Patrick O'Malley,* for respondent.

*Paul J. Lawrence,* amicus curiae.

PETRICH, A.C.J.—Valinda Canley appeals the trial court's order, in an unlawful detainer action, directing that the issue of the immediate right to possession be resolved in a show cause hearing by the court sitting without a jury.

The order appealed from is not an appealable order. RAP 2.2(a). Nevertheless, we accepted the matter as one for discretionary review. RAP 2.3.

The issue on appeal is whether a residential tenant in an unlawful detainer action who disputes the allegations of a breach of his or her lease is entitled to a jury trial at the initial stage of an unlawful detainer action to determine the right of possession pending the lawsuit. We are satisfied that although one is entitled to a jury trial on contested issues in an unlawful detainer action including the ultimate issue of possession, one is not entitled to a jury trial on the issue of the initial right of possession pending the lawsuit. Accordingly, we affirm.

Valinda Canley was a tenant at Meadow Park Garden Apartments, where rents are subsidized by the United States Department of Housing and Urban Development. According to federal regulations, a landlord may not terminate any tenancy in a subsidized project unless there is material noncompliance with the lease or other good cause. 24 C.F.R. § 247.3.

In February 1987, Ms. Canley received a notice of material noncompliance with the terms of her tenancy apprising her that she might be subject to an unlawful detainer action if the noncompliance continued. Noncompliance was premised on charges that, contrary to the rules, she allowed another female companion to live with her and that the sound volume of her stereo player disrupted other tenants. In March 1987, Meadow Park filed an unlawful detainer action against Ms. Canley, and a Commissioner issued a writ of restitution after a hearing. On a motion to revise, Canley claimed she was at a disadvantage because she was not advised that the Commissioner would consider oral testimony and was unprepared to meet the oral testimony presented by Meadow Park. She also contended that she was entitled to a jury trial on the hotly disputed issue of whether she was in material noncompliance before a writ of restitution could be issued.

Upon review, the Superior Court Judge agreed that Canley was entitled to notice that oral testimony would be considered at a hearing on show cause to determine the right to immediate possession, and ordered a new hearing.[1] However, the Judge ruled that she was not entitled to a jury trial on the issue of immediate possession pending the lawsuit.

Canley challenges the order on review claiming that it deprived her of her *statutory* right to a jury trial. Two sets of statutes are involved: the unlawful detainer statutes, RCW 59.12, and the Residential Landlord–Tenant Act of 1973, RCW 59.18. The Residential Landlord–Tenant Act of 1973 embraces certain aspects of the unlawful detainer statutes with respect to rights of possession between the landlord and the tenant when there is a claimed substantial breach of the rental agreement. RCW 59.18.180. However, the act modifies the procedures for obtaining a writ of restitution in unlawful detainer actions involving residential properties. While the unlawful detainer act allows the landlord to obtain a writ of restitution restoring him to the premises by an ex parte order upon filing of a bond, the Residential Landlord–Tenant Act of 1973 requires a show cause hearing. *See* RCW 59.12.090; RCW 59.18.370.

■ We agree with petitioner that RCW 59.18.380 is the critical statute. A careful examination of the statute shows that it does not support the petitioner's claim to the right to a jury trial regarding possession pending the lawsuit.[2]

---

[1] At the new show cause hearing, the Commissioner determined there was a breach of the lease and rules of the complex amounting to material noncompliance and granted to Meadow Park a writ of restitution pending the lawsuit.

[2] RCW 59.18.380 in pertinent part provides:

"At the time and place fixed for the hearing of plaintiff's motion for a writ of restitution, the defendant, or any person in possession or claiming possession of the property, may answer, orally or in writing, and assert any legal or equitable defense or set–off arising out of the tenancy. If the answer is oral the substance thereof shall be endorsed on the complaint by the court. The court shall examine the parties and witnesses orally to ascertain the merits of the complaint and answer, and if it shall appear that the plaintiff has the right to be restored to possession of the property, the court shall enter an order directing the issuance of

First a show cause hearing is held where the plaintiff's motion for a writ of restitution is heard and the defendant is allowed to assert legal or equitable defenses or setoffs. Next, the court examines the parties and witnesses. If the *court* finds that the plaintiff has the right to repossess the property it will enter an order directing issuance of the writ. The writ will be issued only after the landlord posts a bond conditioned on prompt prosecution of the action and payment of all costs and damages to the tenant as a result of a wrongfully issued writ. The *court* must also direct that the matter proceed to trial in the usual manner. If the *court* finds that the plaintiff does not have the right to repossess the property it will enter an order directing the parties to proceed to trial within 30 days of the complaint and answer.

At the show cause hearing stage, the statute makes no reference to a trial by the jury. It refers to the hearing on the motion for a writ and provides that the "court" shall ascertain the merits of the complaint and answer and that the "court" shall either deny the motion or order the issuance of the writ. In either case the court directs the parties to proceed to trial. Subject to the provisions of CR 38 and CR 39, the trial may be by a jury. *Thompson v. Butler*, 4 Wn. App. 452, 454, 482 P.2d 791, *review denied*, 79 Wn.2d 1004 (1971). In the event a preliminary writ had been

---

a writ of restitution . . . *Provided further*, That before any writ shall issue prior to final judgment the plaintiff shall execute to the defendant and file in the court a bond in such sum as the court may order, with sufficient surety to be approved by the clerk, conditioned that the plaintiff will prosecute his action without delay, and will pay all costs that may be adjudged to the defendant, and all damages which he may sustain by reason of the writ of restitution having been issued, should the same be wrongfully sued out. The court shall also enter an order directing the parties to proceed to trial on the complaint and answer in the usual manner.

"If it appears to the court that the plaintiff should not be restored to possession of the property, the court shall deny plaintiff's motion for a writ of restitution and enter an order directing the parties to proceed to trial within thirty days on the complaint and answer. . . ."

issued and after trial, the jury, or the court when trial is to the court, finds for the dislodged tenant, the tenant could be restored to the property. In any event, the plaintiff landlord and his bond would be liable for costs and damages suffered by the tenant because of the wrongful issuance of the writ.

Canley mistakenly relies on RCW 59.18.410 to support her claim to the right to a jury determination as to whether the writ will issue pending the lawsuit. The statute provides in part: "If upon the trial the *verdict of the jury* or, if the case be tried without a jury, the finding of the court be in favor of the plaintiff . . ." (Italics ours.) RCW 59.18.410. She argues that the language of the statute clearly shows that all phases of the unlawful detainer action are subject to a jury trial where issues are contested.

We apply the general rules of statutory construction to interpret RCW 59.18.380 and RCW 59.18.410. Whenever possible, a court will harmonize and give effect to all statutory provisions applying to a particular subject. *Harmon v. Pierce Cy. Bldg. Dep't,* 106 Wn.2d 32, 36, 720 P.2d 433 (1986). The trial referred to in RCW 59.18.410 is the trial that occurs after the writ is issued or after the court denies the writ and orders the parties to proceed to trial. The hearing on the motion is not the trial contemplated in RCW 59.18.410. To hold otherwise would substantially disrupt the judges' traditional function of resolving motions. Therefore, no jury trial is provided for at the initial stage; we will not read into a statute matters which are not there. *King Cy. v. Seattle,* 70 Wn.2d 988, 991, 425 P.2d 887 (1967).

Petitioner alludes in argument that she is afforded a right to a jury trial under article 1, section 21 of the Washington Constitution. This constitutional provision guarantees those rights to trial by jury that existed at the time of the adoption of the Washington Constitution. *In re Marriage of Firchau,* 88 Wn.2d 109, 114, 558 P.2d 194 (1977). At the time of the adoption of the Washington Constitution, the Code of 1881 provided for a jury trial in unlawful

detainer actions. Code of 1881, § 1838. However, the trial contemplated by the 1881 code was that trial which ultimately decided the rights of the parties in the unlawful detainer action.

Summary proceedings to recover possession of real property pending the lawsuit were first enacted in 1890, a few months after the adoption of the Washington Constitution (Laws of 1889, p. 73–81). The 1890 statutes, like the statutes now in effect, allowed the judge alone to issue a writ of restitution restoring the property to the plaintiff pending the lawsuit (Laws of 1889, § 9, p. 77). The writ would not issue unless the plaintiff posted a bond covering the costs to the defendant in the event the writ was wrongfully issued (Laws of 1889, § 9, p. 77).

Both the 1890 statute and RCW 59.18 allow the plaintiff to obtain a writ of restitution and to gain immediate possession prior to the ultimate trial whether it be to the court or jury. However, neither statute interferes with the right to the jury trial as guaranteed by the Washington Constitution. Both statutes provide for a trial by jury on the ultimate issues of the unlawful detainer action as such rights existed at the time the constitution was adopted. The summary proceedings were adopted by the Legislature in 1890 to expedite the decision as to who should possess the property while the unlawful detainer action is pending.

The Washington Constitution does not require a jury trial on the issue of immediate possession pending the lawsuit. The Washington Constitution is not offended because the right to a jury is preserved in the trial on the ultimate issues in the unlawful detainer action.

Meadow Park Garden Association has requested its attorney's fees on appeal. The request is denied since respondent has failed to file the detailed fee affidavit required by RAP 18.1(c). *See Kreidler v. Eikenberry,* 111 Wn.2d 828, 766 P.2d 438 (1989).

Affirmed.

REED and WORSWICK, JJ., concur.

Reconsideration denied September 1, 1989.