[No. 43150-1-I. Division One. January 31, 2000.]
HARTSON PARTNERSHIP, *Respondent*, v. MIKE GOODWIN, *Appellant*.

*Dan Robert Young*, for appellant.
*David James*, for respondent.

Cox, J. — The Mobile Home Landlord-Tenant Act permits

a landlord to evict a tenant or occupant for "[e]ngaging in 'criminal activity'" that threatens the health, safety, or welfare of the landlord's tenants.[1] Where an occupant other than the tenant engages in such activity, the landlord is not entitled to relief against the tenant under the unlawful detainer statutes. Because the tenant here asserts that he was not engaged in criminal activity, we reverse the trial court's grant of relief to the landlord at the show cause hearing and remand for trial.

Mike Goodwin has been a tenant in the Des Moines Estates Mobile Home Park for nearly 12 years. He owns his mobile home and leases the property on which it is situated in the park. He has two teenage sons who live with him in the mobile home.

In March 1998, a police officer visited Goodwin shortly after he had returned home from work. The officer stated that he had information that Goodwin was operating a methamphetamine lab in a shed near the mobile home. Goodwin denied knowledge of any illegal activity and voluntarily showed the officer the shed. There was no illegal lab there.

The officer then asked to look inside the mobile home to look for the lab. The officer stated that he would return with a search warrant if Goodwin did not cooperate. Goodwin continued to deny any knowledge of any illegal activity, but permitted the officer to enter the mobile home. Once inside, the officer found a plastic bag containing one gram of what turned out to be marijuana and two marijuana pipes on the living room floor. Goodwin denied knowing anything about them. The officer seized the illegal items and left.

Thereafter, the police sent Des Moines Estates Mobile Home Park an abatement letter that was based on the police officer's contact with Goodwin. On the basis of that written notification and further communications with the police, Des Moines Estates served Goodwin with a notice to

---

[1] RCW 59.20.080(1)(f).

quit the premises within 15 days. Goodwin did not sur-
render possession of the premises, and Des Moines Estates
brought this unlawful detainer action.

At the show cause hearing for issuance of a writ of
restitution, a court commissioner declined to rule on the
merits and certified the matter for trial. On Des Moines
Estates' motion for revision, a superior court judge
concluded that a writ of restitution should issue and that
there was "no substantial issue of material fact"[2] regard-
ing the other requests for relief. The judge entered findings
of fact, conclusions of law, and a monetary judgment in
favor of Des Moines Estates. But the judge stayed enforce-
ment of the writ and the judgment upon Goodwin's posting
adequate security for the period pending this timely ap-
peal.

Goodwin argues on appeal that the trial court erred in
entering a judgment against him at the hearing on the mo-
tion for revision. We agree.

The hearing on the motion for revision was the functional
equivalent of the hearing on the order to show cause for
the issuance of a writ of restitution in this unlawful
detainer proceeding. The provisions of RCW 59.18.370-.410
of the Residential Landlord-Tenant Act of 1973 (RLTA)
govern unlawful detainer proceedings arising from a
tenancy under the Mobile Home Landlord-Tenant Act.[3] If a
landlord seeks to be restored to possession of the property
during an eviction proceeding, a show cause hearing on the
issuance of a writ of restitution is required.[4] At that hear-
ing, the court, sitting without a jury, determines whether
the landlord is entitled to a writ of restitution.[5] This deter-
mination is made by examining the parties, witnesses, and

---

[2]RCW 59.18.380.

[3]RCW 59.20.040.

[4]RCW 59.18.370.

[5]*Meadow Park Garden Assocs. v. Canley*, 54 Wn. App. 371, 373-74, 773 P.2d
875 (1989).

pleadings.[6] The court may also grant to the landlord other relief requested in the complaint "if it shall appear to the court that there is no substantial issue of material fact"[7] affecting the landlord's right to that relief.

While Goodwin makes a number of arguments on appeal, we need not reach all of them. The first that we address is that the abatement letter from the police to Des Moines Estates did not comply with the notice requirements of RCW 59.20.080(1)(f). The second is that Goodwin, the tenant, did not "engage in criminal activity" under that statute, and thus Des Moines Estates had no basis to terminate his tenancy.

The facts in the record before us are substantially undisputed. And the two arguments that we address turn on construction of statutes. Thus, our review is de novo.[8]

### Notice to Landlord

Goodwin argues that Des Moines Estates predicated this unlawful detainer proceeding on a deficient statutory notice from the police to Des Moines Estates. While the notice did not comply with RCW 59.20.155, it substantially complied with the requirements of RCW 59.20.080(1)(f). Thus, it was not deficient.

A statute that is plain on its face is not subject to construction.[9] The construction of a statute is a question of law that we review de novo.[10] Unlawful detainer statutes are in derogation of the common law, and we strictly

---

[6]RCW 59.18.380.

[7]*Id.*

[8]*Heller v. McClure & Sons, Inc.*, 92 Wn. App. 333, 337, 963 P.2d 923 (1998), *review denied*, 137 Wn.2d 1028 (1999).

[9]*In re Marriage of Kovacs*, 121 Wn.2d 795, 804, 854 P.2d 629 (1993).

[10]*State v. Martin*, 137 Wn.2d 774, 788, 975 P.2d 1020 (1999).

construe them in favor of the tenant.[11] Forfeitures are not favored.[12]

Several statutes apply to the attempt to evict Goodwin. One of those statutes, RCW 59.20.080, states:

> (1) A landlord shall not terminate or fail to renew a tenancy of a tenant or the occupancy of an occupant, of whatever duration *except* for one or more of the following reasons: . . .

> (f) Engaging in "criminal activity." "Criminal activity" means a criminal act defined by statute or ordinance that threatens the health, safety, or welfare of the tenants. A park owner seeking to evict a tenant or occupant under this subsection need not produce evidence of a criminal conviction, even if the alleged misconduct constitutes a criminal offense. *Notice from a law enforcement agency of criminal activity constitutes sufficient grounds, but not the only grounds, for an eviction under this subsection. Notification of the seizure of illegal drugs under RCW 59.20.155 is evidence of criminal activity and is grounds for an eviction under this subsection.* The requirement that any tenant or occupant register as a sex offender under RCW 9A.44.130 is grounds for eviction under this subsection. If criminal activity is alleged to be a basis of termination, the park owner may proceed directly to an unlawful detainer action.[13]

Goodwin essentially challenges the trial court's determination that Des Moines Estates received written notice of the seizure of illegal drugs under RCW 59.20.155, another statute relating to notice. That statute provides:

> Any law enforcement agency which seizes a legend drug pursuant to a violation of chapter 69.41 RCW, a controlled substance pursuant to a violation of chapter 69.50 RCW, or an imitation controlled substance pursuant to a violation of chapter 69.52 RCW, shall make a reasonable attempt to discover the identity of the landlord and *shall notify the landlord in writing*, at the last address listed in the property

---

[11]*Housing Auth. v. Terry*, 114 Wn.2d 558, 563, 789 P.2d 745 (1990).

[12]*Stevenson v. Parker*, 25 Wn. App. 639, 647, 608 P.2d 1263 (1980).

[13](Emphasis added.)

tax records and at any other address known to the law enforcement agency, *of the seizure and the location of the seizure of the illegal drugs or substances.*[14]

Here, the trial court's determination that notice was sufficient appears to have been based, in part, on the written notification sent by the police to Des Moines Estates. The relevant portion of that notice stated:

> This is to notify you of the apparent illegal drug activity that may be occurring at a residence/apartment/building owned or managed by you located at 2424 South 204th, space numbers 20 and 46.

> Neighborhood complaints, confirmed by our investigation, indicate that: 1) drug abusers congregate there and/or 2) persons on the premises engage in illegal drug activity that creates a public nuisance (reference KCSO cases 98-067616 and 98-094178).

The written notice does not say that illegal drugs were seized. In fact, the notice makes no mention of seizure of anything. The trial court made factual findings that Des Moines Estates was orally informed of the seizure of illegal drugs and related paraphernalia and obtained a redacted copy of a King County Police Incident Report that reported the seizure of illegal drugs. But these findings, whether they are considered individually or together, are insufficient bases on which Des Moines Estates may rely to cure the absence of the required statutory written notice under RCW 59.20.155. In short, the notice here does not comply with the plain wording of RCW 59.20.155 because it fails to notify the landlord of "the seizure and the location of the seizure of the illegal drugs or substances" that constitutes "sufficient grounds for eviction" under RCW 59.20-.080(1)(f).

■ But the foregoing analysis does not end our inquiry. "Notice from a law enforcement agency of criminal activ-

---

[14]RCW 59.20.155 (emphasis added).

ity''[15] is also sufficient grounds for eviction under RCW 59.20.080(1)(f). By definition, this type of notice must notify a landlord of "criminal activity," which under the statute is "a criminal act defined by statute or ordinance that threatens the health, safety, or welfare of the tenants."[16]

Here, the notice sent to Des Moines Estates substantially complied[17] with the statute. It informed Des Moines Estates of "apparent illegal drug activity" on the premises of the park. It described such activity as including the "manufacture, sale, use or *possession*" of illegal drugs.[18] Possession of illegal drugs is one of a number of statutorily defined criminal activities.[19] And further communications between the landlord and the police apparently established the particulars with respect to the type of illegal drug activity that was occurring on the premises. This information constituted some evidence that the activity threatened the health, safety, or welfare of the tenants.[20]

In short, the notice here substantially complied with the requirements of the first type of notice set forth in RCW 59.20.080(1)(f) and was sufficient.

### "Engaging in 'Criminal Activity' "

Goodwin primarily argues that RCW 59.20.080(1)(f) is ambiguous in that it fails to specify either who must be "[e]ngaging in 'criminal activity' " or who may be evicted if such activity is shown. We agree and, consequently, construe the statute in favor of the tenant to avoid a forfeiture.

---

[15]RCW 59.20.080(1)(f).

[16]*Id.*

[17]*Sowers v. Lewis*, 49 Wn.2d 891, 894, 307 P.2d 1064 (1957) (holding that substantial compliance with statutory notification requirements of an unlawful detainer statute is necessary).

[18](Emphasis added.)

[19]*See* RCW 69.50.401.

[20]*See Seeley v. State*, 132 Wn.2d 776, 805, 940 P.2d 604 (1997) (holding that the legislative classification of marijuana as a Schedule I drug, harmful to health, was reasonable).

 Where a statute is ambiguous, we must construe it to give effect to legislative intent.[21] All of the language used in the statute must be given effect, with no portion rendered meaningless or superfluous.[22] And we avoid interpretations that are forced, unlikely, or strained.[23]

RCW 59.20.080(1)(f) provides that "[e]ngaging in 'criminal activity' " is a basis for an eviction. But the predicate "[e]ngaging in 'criminal activity' " necessarily requires a subject. That is, some person or persons must be "[e]ngaging in 'criminal activity' " for this statute to apply.

The only persons who are specified in RCW 59.20.080 are tenants and occupants.[24] RCW 59.20.080(1) states that a landlord may not "terminate or fail to renew a *tenancy of a tenant* or the *occupancy of an occupant*" except as provided by statute.[25] Subsection (f) of the statute specifies, in the alternative, that a landlord may evict "a *tenant or occupant* under this subsection."[26] Based on this language, we conclude that the landlord may elect to evict either the tenant, or the occupant, or both.

 But the statute is ambiguous regarding whether both a tenant and an occupant may be evicted for the actions of one of them. We believe that the most plausible reading of this statute supports the conclusion that the legislature intended only the person who engages in criminal activity to be the subject of an eviction. Consequently, we hold that eviction under this statute is limited to the person or persons "[e]ngaging in 'criminal activity.' "

First, RCW 59.20.080(1)(f) is the functional equivalent of

---

[21]*State v. Elgin*, 118 Wn.2d 551, 555, 825 P.2d 314 (1992).

[22]*Stone v. Chelan County Sheriff's Dep't*, 110 Wn.2d 806, 810, 756 P.2d 736 (1988).

[23]*Elgin*, 118 Wn.2d at 555.

[24]RCW 59.20.030(11) defines tenant as "any person, except a transient, who rents a mobile home lot." RCW 59.20.030(13) defines occupant as "any person, including a live-in care provider, other than a tenant, who occupies a mobile home and mobile home lot."

[25](Emphasis added.)

[26]RCW 59.20.080(1)(f) (emphasis added).

an unlawful detainer statute. As such, we must construe it strictly in favor of the tenant.[27] This rule of statutory construction supports the conclusion that only the person "[e]ngaging in 'criminal activity' " can be evicted. Any other reading of the statute would not favor the tenant because it would subject that tenant to an eviction based on another person's criminal activities.

Second, if the legislature had intended that both an occupant and a tenant could be evicted by one or the other "[e]ngaging in 'criminal activity,' " it could have easily said so. It did not. We will not read language into a statute that is not there.[28] And here, nothing in the statute indicates that anyone other than the one "[e]ngaging in 'criminal activity' " may be evicted.

Finally, we reject Des Moines Estates' argument that the mere service of notice of either criminal activity or the seizure of illegal drugs on the premises permits a landlord to terminate a tenancy. If we adopted this reading, the predicate requirement of "[e]ngaging in 'criminal activity' " would be read out of the statute because the mere service of notice would permit the landlord to terminate the tenancy. Such a reading violates a basic rule of statutory construction,[29] which we have no reason to disavow in the case before us.

Here, the court found that Goodwin disputed any knowledge about the illegal drugs and drug paraphernalia, asserting that they belonged to someone else.[30] Whether unwitting possession is a defense to the unlawful detainer proceeding is not before us. Likewise, we do not decide

---

[27]*Terry*, 114 Wn.2d at 563.

[28]*In re Custody of Smith*, 137 Wn.2d 1, 12, 969 P.2d 21 (1998), *cert. granted*, *Troxel v. Granville*, 527 U.S. 1069, 120 S. Ct. 11, 144 L. Ed. 2d 842 (1999).

[29]*Stone*, 110 Wn.2d at 810 (stating that all language must be given effect, with none rendered meaningless or superfluous).

[30]Clerk's Papers at 49.

whether constructive possession might apply in this case.[31] What is clear is that Goodwin has placed in issue the question of whether he was engaged in criminal activity under the statute before us. On this record, the grant of relief at the show cause hearing was premature.

In sum, only the party "[e]ngaging in 'criminal activity' " may be evicted under RCW 59.20.080(1)(f). Here, Goodwin placed in issue the question of who was "[e]ngaging in 'criminal activity' " by arguing that the marijuana was not his and he knew nothing about it before the police seized it.

We reverse and remand for trial.

The remainder of this opinion has no precedential value and will not be published.[32]

COLEMAN and ELLINGTON, JJ., concur.

_____

[31]*See State v. Staley*, 123 Wn.2d 794, 798, 872 P.2d 502 (1994) (in a prosecution for unlawful possession of controlled substance, possession may be either actual or constructive).

