# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

CALIBRATE PROPERTY
MANAGEMENT, LLC,

      Respondent,

      v.

MICHAEL NHYE & LACY JOLIN,

      Appellants.

No. 73796-1-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: November 7, 2016

TRICKEY, A.C.J. — Michael Nhye and Lacy Jolin contend the trial court erred in entering a judgment of unlawful detainer against them and denying their motion to vacate the judgment and stay execution of the writ of restitution. At the show cause hearing, Nhye entered into an agreed judgment while Jolin neither appeared nor presented evidence refuting the landlord's claims. Nhye and Jolin fail to provide a basis for vacating the judgment under CR 60(b) or for reviewing it on appeal. We find no error and affirm.

## FACTS

The material facts are undisputed. On March 11, 2014, Michael Nhye and Lacy Jolin entered into a lease agreement with Calibrate Property Management, LLC (Calibrate) for the premises known as Marina Club Apartments, 2445 South 222nd Street, Unit A304, Des Moines, Washington (the property).[1] The lease commenced on April 1, 2014 and expired on March 31, 2015. Under the lease, Nhye and Jolin were required to pay $1,150 in rent and $95 for utilities each month.

In early 2015, Nhye was offered a new six-month lease, which included a new rental rate. He declined the offer. After their current lease expired, Nhye and Jolin

---

[1] The lease agreement lists Olympic Management Company as the landlord; there appears to be no dispute as to Calibrate's status as its successor-in-interest.

continued in possession of the property without signing a new lease. They continued paying the same amount of rent and utilities. On May 6, 2015, they were each served with a 10-day notice to comply with lease or quit premises for failure to pay the outstanding amount of $870. This amount included a $200 month-to-month fee and a $235 rental increase for the months of April and May, 2015. Nhye and Jolin did not pay the additional amounts and remained in possession of the property.

Calibrate initiated an unlawful detainer action on May 22, 2015, and filed a complaint on June 3, 2015. Nhye and Jolin appeared pro se and answered the complaint, asserting affirmative defenses of retaliatory eviction and discrimination. Nhye appeared without Jolin at the show cause hearing on June 18, 2015; the trial court found her to be in default.

At the hearing, the trial court requested Nhye to speak with an attorney from the Housing Justice Project. The attorney negotiated with Calibrate on Nhye's behalf. Nhye agreed to entry of the agreed findings of fact, conclusions of law, and judgment (the judgment). The judgment stated that Nhye and Jolin were in unlawful detainer and owed monthly rent and other fees totaling $2,455.00. It also imposed an additional $46.16 per day for each day that they remained in possession after June 30, 2015. The judgment also issued a writ of restitution but prohibited any physical eviction from taking place before July 6, 2015.

On June 24, 2015, Nhye and Jolin filed a motion to vacate the judgment and to stay the enforcement of the writ of restitution. In this motion they argued that the judgment was invalid because they did not owe any back rent and Calibrate brought the action in retaliation for complaints they filed with the City of Des Moines. They also claimed that

2

the judgment was void and unenforceable against Jolin because she was excluded from any offer to renew the terms of the lease agreement.

On June 25, 2015, the trial court denied the motion to vacate the judgment. In its oral ruling, the court found the following:

> [G]iven that you were present. Given that you signed the order. And that that judgment was entered. I can find no fault with the entry of judgment sufficient to vacate it. I am not, at this time, going to vacate it.
>
> It's not that I don't understand your frustration or your concern. But, the issue before me is whether or not that judgment was entered appropriately, and I can find no fault.
>
> You were informed. You were -- you had an opportunity to speak to counsel. The order was signed. You agreed to it. The Court's going to find that the judgment stays in place.[2]

Nhye and Jolin appeal the trial court's order denying their motion to vacate the judgment and stay the execution of the writ of restitution.

ANALYSIS

Motion to Vacate Judgment under CR 60(b)

Nhye and Jolin appeal the order denying their motion to vacate the judgment and stay execution of the writ of restitution under CR 60(b)(4). They argue fraud, duress, lies, and raise the affirmative defenses of insufficient notice, discrimination, and retaliation.

We review a decision on a motion to vacate a judgment for abuse of discretion. State v. Santos, 104 Wn.2d 142, 145, 702 P.2d 1179 (1985); Mosbrucker v. Greenfield Implement, Inc., 54 Wn. App. 647, 651, 774 P.2d 1267 (1989). We also review the decision whether to stay execution of a writ of restitution for abuse of discretion. CR 62(b). A trial court abuses its discretion if the decision is based on untenable grounds or

---

[2] Verbatim Report of Proceedings (VRP) at 7-8.

for untenable reasons. Shaw v. City of Des Moines, 109 Wn. App. 896, 900-01, 37 P.3d 1255 (2002). Unchallenged findings of fact are verities on appeal. Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 819, 828 P .2d 549 (1992). Unchallenged conclusions of law become the law of the case. King Aircraft Sales. Inc. v. Lane, 68 Wn. App. 706, 716-17, 846 P.2d 550 (1993).

CR 60(b)(4) authorizes a trial court to vacate a judgment for "[f]raud . . . misrepresentation, or other misconduct of an adverse party." "The party attacking a judgment under CR 60(b)(4) must establish the fraud, misrepresentation, or other misconduct by clear and convincing evidence." Lindgren v. Lindgren, 58 Wn. App. 588, 596, 794 P.2d 526 (1990). A party cannot assert an underlying cause of action for fraud that does not relate to the procurement of the judgment. Lindgren, 58 Wn. App. at 596. Rather, the "fraudulent conduct or misrepresentation must cause the entry of the judgment such that the losing party was prevented from fully and fairly presenting its case or defense." Lindgren, 58 Wn. App. at 596 (emphasis omitted).

Nhye and Jolin argue that the trial court erred when it denied their motion to vacate the judgment because the judgment was obtained by fraud, misrepresentation, or misconduct.[3] They claim that Nhye's attorney induced him to sign and agree to entry of the judgment "by virtue of duress, lies, and among other things."[4] Nhye and Jolin argue that the trial court should have vacated the judgment because Nhye was coerced into being represented by the Housing Justice Project. They argue that Nhye's attorney did

---

[3] On appeal, Nhye and Jolin do not state specifically which subsection of CR 60(b) provides a basis for vacating the judgment. In their motion before the trial court, they cite "CR 60(b)(4)(11)." Clerk's Papers (CP) at 56. We therefore address their arguments under both CR 60(b)(4) and (11).
[4] Br. of Appellant at 5-6.

a poor job of representing him and lied in order to convince him to sign an agreement that resulted in their eviction. Nhye and Jolin also claim that the trial court "overstepped its bounds when it decided to assign an [a]ttorney to [Nhye]."[5]

Nhye and Jolin neither address the elements of fraud nor do they identify the precise nature of the alleged misconduct. Failure to prove any one of the nine stated elements of fraud is fatal to recovery. Markov v. ABC Transfer & Storage Co., 76 Wn.2d 388, 395, 457 P.2d 535 (1969). Advising Nhye to enter into an agreed judgment is neither unlawful nor does it even remotely suggest a fraudulent attempt to conspire with the landlord. At the hearing on the motion to vacate, Nhye admitted that he did "know that [he] was signing the order."[6] Furthermore, there is no evidence in the record of any fraud, misrepresentation, or misconduct committed by the opposing party, the trial court, or Nhye's counsel. Nhye and Jolin's conclusory allegations of fraud are without merit.

Nhye and Jolin also do not establish a basis for vacating the judgment under CR 60(b)(11). This catch-all subsection allows for a judgment to be vacated for "[a]ny other reason justifying relief from the operation of the judgment." CR 60(b)(11). Application of this provision is limited, however, to "'situations involving extraordinary circumstances not covered by any other section of the rule.'" Barr v. MacGugan, 119 Wn. App. 43, 46, 78 P.3d 660 (2003) (internal quotation marks omitted) (quoting Gustafson v. Gustafson, 54 Wn. App. 66, 75, 772 P.2d 1031 (1989)). Extraordinary circumstances involve "'irregularities which are extraneous to the action of the court or go to the question of the regularity of its proceedings.'" Tatham v. Rogers, 170 Wn. App. 76, 100, 283 P.3d 583 (2012) (internal quotation marks omitted) (quoting In re Marriage of Flannagan, 42 Wn.

---

[5] Br. of Appellant at 24.
[6] VRP at 7.

5

App. 214, 221, 709 P.2d 1247 (1985)). Errors of law do not justify vacating an order under CR 60(b)(11). Union Bank, N.A. v. Vanderhoek Assocs., LLC, 191 Wn. App. 836, 843, 365 P.3d 223 (2015).

Nhye and Jolin argue that the judgment should be vacated because the trial court "erred in ignoring the fact that [they] were being retaliated against," and "discriminated against, even though they raised the issue in their Answer and Affirmative Defenses."[7] Here, the trial court's consideration of their affirmative defenses is not an error that is extraneous to the action or affects the regularity of the proceedings. See Burlingame v. Consol. Mines & Smelting Co., Ltd., 106 Wn.2d 328, 336, 722 P.2d 67 (1986) ("[I]nsufficiency of the evidence is not an error that is extraneous to the action or affects the regularity of the proceedings."). Nhye and Jolin have not shown that their circumstances warrant relief under CR 60(b)(11). The trial court did not err when it denied their motion to vacate the judgment and stay the writ of execution.

### Direct Appeal of the Judgment

Nhye and Jolin also challenge the judgment on direct appeal, citing their affirmative defenses of retaliatory eviction and discrimination.[8] They argue that they were unfairly targeted for rental denials, evictions, and increased charges based on their race and their familial status. Nhye and Jolin also contend that Calibrate initiated this eviction action in retaliation against them for filing complaints with the City of Des Moines' code

---

[7] Br. of Appellant at 6-7.

[8] Nhye and Jolin also raised their affirmative defenses as grounds for vacation of the judgment under CR 60(b). These issues allege errors of law, which cannot be corrected by a motion to vacate. The review of a decision on a motion to vacate is limited to the decision on the motion, not the underlying judgment. Bjurstrom v. Campbell, 27 Wn. App. 449, 450-51, 618 P.2d 533 (1980). The exclusive procedure to attack an allegedly defective judgment is by appealing the judgment, not the order denying the motion to vacate. Bjurstrom, 27 Wn. App. at 451.

enforcement office. In addition, Nhye and Jolin raise issues of insufficient notice and waiver of right to bring an unlawful detainer action. According to them, the judgment was improper because Calibrate failed to provide them with written notice of a rent increase, in violation of the Residential Landlord-Tenant Act of 1973, chapter 59.18 RCW. They also argue that Calibrate waived its right to bring an eviction action by accepting their payment within the notice period and later returning it.

While the judgment was entered against both Nhye and Jolin, they stand in different procedural postures with regard to its appeal. Nhye attended the show cause hearing and agreed to the judgment's entry. In contrast, the judgment was entered against Jolin because she failed to attend the hearing or provide evidence that would support a defense to nonpayment of rent. We therefore address each party's argument separately.

Nhye seeks to appeal an agreed judgment.[9] "A judgment by consent or stipulation of the parties is construed as a contract between them embodying the terms of the judgment. It excuses all prior errors and operates to end all controversy between the parties, within the scope of the judgment." Wash. Asphalt Co. v. Harold Kaeser Co., 51 Wn.2d 89, 91, 316 P.2d 126 (1957). "In the absence of fraud, mistake, or want of jurisdiction, a judgment by consent will not be reviewed on appeal." Wash. Asphalt, 51 Wn.2d at 91.

---

[9] Calibrate characterizes the judgment as a settlement agreement subject to the provisions of CR 2A. "CR 2A applies only when (1) the agreement was made by the parties or attorneys 'in respect to the proceedings in a cause[,]' and (2) the purport of the agreement is disputed." In re Patterson, 93 Wn. App. 579, 582, 969 P.2d 1106 (1999) (alteration in original) (quoting In re Marriage of Ferree, 71 Wn. App. 35, 39, 856 P.2d 706 (1993)). "'The "purport" of an agreement is disputed only when its existence or material terms are disputed.'" Patterson, 93 Wn. App. at 584 (quoting Ferree, 71 Wn. App. at 40). Nhye and Jolin neither dispute that Nhye signed the judgment nor do they dispute any of its terms. Rather, they argue that it should be vacated or reversed because of fraud, coercion, and other misconduct.

Nhye and Jolin raise no issues regarding jurisdiction or mistake, only that the judgment was obtained by fraudulent means. As discussed earlier, however, Nhye and Jolin have provided no evidence to substantiate their fraud claims. Nor is there evidence in the record to support their claims of retaliatory eviction or insufficient notice of the action. But even with evidence, these defenses would not provide a basis for review of an agreed judgment. Because he agreed to its entry and cannot show fraud, mistake, or want of jurisdiction, Nhye cannot appeal the judgment.

Nhye and Jolin also argue that the trial court erred when it entered the judgment against Jolin. The trial court found that Jolin "did not appear, and, thus, [was] in default."[10] In an unlawful detainer action, a default judgment must be entered if a party against whom judgment is sought fails to appear and defend the suit against him. RCW 59.12.120. Jolin, however, appeared in the action and answered the complaint. Therefore, the trial court's conclusion that she was in default is incorrect.[11]

Jolin's failure to appear at the show cause hearing, however, does impact our review of the judgment with regards to her. Show cause hearings are summary proceedings to determine the issue of possession pending a lawsuit. Meadow Park v. Canley, 54 Wn. App. 372, 374-75, 773 P.2d 875 (1989). "It is the landlord's burden in an unlawful detainer action to prove, by a preponderance of the evidence, the right to possession of the premises." Indigo Real Estate Servs., Inc. v. Wadsworth, 169 Wn. App. 412, 421, 280 P.3d 506 (2012). In this proceeding, "[t]he court shall examine the parties and witnesses orally to ascertain the merits of the complaint and answer, and if it shall

---

[10] CP at 48.
[11] The trial court did not enter a default judgment against Jolin; the finding of default was interlineated in the recitals portion of the judgment.

8

appear that the plaintiff has the right to be restored to possession of the property, the court shall enter an order directing the issuance of a writ of restitution." RCW 59.18.380.

While the show cause hearing is not usually the final determination of the rights of the parties, the court may grant to the landlord any other relief requested in the unlawful detainer complaint—such as an order and judgment—if there is no substantial issue of material fact affecting the landlord's right to that relief. RCW 59.18.380; Hartson P'ship v. Goodwin, 99 Wn. App. 227, 231, 991 P.2d 1211 (2000). If the court finds "a genuine issue of a material fact pertaining to a legal or equitable defense or set-off raised in the defendant's answer, the court shall grant or deny so much of plaintiff's other relief sought and so much of defendant's defenses or set-off claimed, as may be proper." RCW 59.18.380.

Here, by failing to attend the hearing, Jolin waived her opportunity to present factual evidence to defeat Calibrate's claims and show that she had any legal justification for not paying rent. We find no error in the trial court's entry of judgment of unlawful detainer and issuing a writ of restitution against her. We affirm the judgment and order denying the motion to vacate but remand for amendment of the judgment to remove the finding of default against Jolin.

Attorney Fees and Costs

Calibrate asks this court for an award of its attorney fees and costs under RCW 59.18.290(2) and RAP 18.1 for having to defend a frivolous appeal. Under RAP 18.1, a party on appeal is entitled to attorney fees where applicable law authorizes the award.

RCW 59.18.290 provides for an award of attorney fees to the prevailing party. The lease also provides for attorney fees and costs to Calibrate in the event of a tenant's breach. As the prevailing party, Calibrate is entitled to an award of attorney fees on appeal subject to compliance with RAP 18.1.

     Affirmed and remanded for amendment.

Trickey, ACJ

WE CONCUR:

Leach, J.

Appelwick, J.