IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| WADE WEBSTER, an individual, | ) | No. 81547-4-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THOMAS LITZ, individually, | ) | |
| and all occupants, | ) | PUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |
| | ) | |

VERELLEN, J. — A landlord seeking possession on an expedited basis must pursue a writ of restitution by noting a show cause hearing. If at the hearing, the landlord establishes by a preponderance of the evidence that the tenant has violated or breached material terms of the lease, the court will issue a writ of restitution restoring the property to the landlord pending a final judgment. But the court cannot grant the landlord "other relief" at the show cause hearing if there are substantial issues of material fact affecting the landlord's right to that relief.

Here, the parties do not dispute that the trial court properly issued a writ of restitution at the show cause hearing. But the tenant, Thomas Litz, challenges the final judgment awarding damages and terminating the lease without a trial. The landlords, Wade and Marivic Webster, presented circumstantial evidence that Litz had used methamphetamine on the property. But Litz testified that he never used or produced methamphetamine on the premises. Because Litz's testimony

established material issues of fact regarding Litz's use of methamphetamine on the property, a trial was required before the court could grant the Websters' request for "other relief," including final judgment.

Therefore, we reverse.

## FACTS

On January 5, 2020, Thomas Litz began leasing an apartment located on the ground floor of Wade and Marivic Webster's residential property.[1] The Websters resided on the top floor.

That February, the Websters posted a 20-day notice to terminate the tenancy. To comply with the 20-day notice, Litz was instructed to surrender the property to the Websters by March 4, 2020. The next day, Wade filed an unlawful detainer action alleging that Litz was using and/or "preparing" methamphetamine on the property.[2]

That May, the trial court conducted a show cause hearing. In support of their prima facie case, the Websters testified and elicited testimony from their friend, Daniel Butts, and a clandestine drug lab decontamination supervisor, Heidi Hamilton. The Websters and Butts testified to the "vapors" and "burning smells" emanating from Litz's apartment.[3] Hamilton testified that she tested three areas

---

[1] The pleadings below named Mr. Webster individually as plaintiff, however, Ms. Webster was noted as a party in the notice of appeal. Because Wade and Marivic have the same last name, we refer to them by their first names when necessary for clarity.

[2] Clerk's Papers (CP) at 7-11.

[3] Report of Proceedings (RP) (May 15, 2020) at 8-9, 91, 103.

outside Litz's unit for methamphetamine residue, and two of the tests were positive for methamphetamine. But she stated that the methamphetamine residue could have been there for years. Litz testified that he never used or produced methamphetamine or any other drugs on the property. He also stated that no one visiting him ever used methamphetamine on the premises.

In rendering its decision, the trial court relied primarily on the "smells" described by the Websters and the two positive test results provided by Hamilton.[4] The court concluded that Litz was "more likely than not using methamphetamines on the property."[5] The court issued a writ of restitution and a final judgment awarding damages to the Websters and terminating Litz's lease.

Litz appeals.

## ANALYSIS

### I.  Unlawful Detainer

Litz argues that the trial court erred in entering a final judgment in favor of the Websters because there were material issues of fact warranting a trial. We review statutory interpretation questions de novo.[6]

"An unlawful detainer action is a statutorily created proceeding that provides an expedited method of resolving the right to possession of the property" between

---

[4] RP (May 15, 2020) at 153.

[5] Id.  The court found there was insufficient evidence to establish that Litz was manufacturing methamphetamine on the property.

[6] Country Manor MHC, LLC v. Doe, 176 Wn. App. 601, 608, 308 P.3d 818 (2013).

a landlord and a tenant.[7]  After filing an unlawful detainer action, a landlord seeking possession of the property on an expedited basis must request a writ of restitution and note the request for a show cause hearing.[8]

To obtain a writ of restitution at a show cause hearing, the landlord must establish by a preponderance of the evidence that the tenant has violated or breached material terms of the lease and, thus, the landlord is entitled to immediate possession of the property pending a final judgment.[9]

RCW 59.18.380 provides:

At the time and place fixed for the hearing of plaintiff's motion for a writ of restitution, the defendant, or any person in possession or claiming possession of the property, may answer, orally or in writing, and assert any legal or equitable defense or set-off arising out of the tenancy.  If the answer is oral the substance thereof shall be endorsed on the complaint by the court.  The court shall examine the parties and witnesses orally to ascertain the merits of the complaint and answer, and if it shall appear that the [landlord] has the right to be restored possession of the property, the court shall enter an order directing the issuance of a writ of restitution . . . restoring to the [landlord] possession of the property.

---

[7] Id. at 612.

[8] Faciszewski v. Brown, 187 Wn.2d 308, 314, 386 P.3d 711 (2016) (citing RCW 59.12.090).

[9] Country Manor, 176 Wn. App. at 612.  "At the show cause hearing stage, the statute makes no reference to a trial by the jury.  It refers to the hearing on the motion for a writ and provides that the "court" shall ascertain the merits of the complaint and answer and that the "court" shall either deny the motion or order the issuance of the writ."  Meadow Park Garden Assocs. v. Canley, 54 Wn. App. 371, 374, 773 P.2d 875 (1989).

But obtaining a writ of restitution at a show cause hearing "'is not the final determination of the rights of the parties in an unlawful detainer action.'"[10]  And regardless of whether the landlord is successful in obtaining the writ of restitution, the statute permits the landlord to seek "other relief" as part of the unlawful detainer process, such as a final judgment for damages or termination of the tenant's lease.[11]

The statute allows the landlord such "other relief" at the show cause hearing only "'if it shall appear to the court that there is no substantial issue of material fact affecting the landlord's right to that relief.'"[12]  If issues of material fact exist, the matter must proceed to trial in the "usual manner."[13]  A tenant's testimony specifically disputing the breach of the lease alleged by the landlord creates issues of material fact warranting trial.[14]

---

[10] Indigo Real Estate Servs. Inc. v. Wadsworth, 169 Wn. App. 412, 421, 280 P.3d 506 (2012) (quoting Carlstrom v Hanline, 98 Wn. App. 780, 788, 990 P.2d 986 (2000)).

[11] RCW 59.18.380; see also Faciszewski, 187 Wn.2d at 314-15; Hous. Auth. of City of Pasco & Franklin County v. Pleasant, 126 Wn. App. 382, 390-91, 109 P.3d 422 (2005).

[12] Hartson P'ship v. Goodwin, 99 Wn. App. 227, 231, 991 P.2d 1211 (2000) (quoting RCW 59.18.380) (emphasis added) (internal quotation marks omitted).

[13] Meadow Park Garden Assocs., 54 Wn. App. at 374; Hous. Auth. of City of Pasco & Franklin County, 126 Wn. App. at 391.

[14] Hous. Auth. of City of Pasco & Franklin County, 126 Wn. App. at 393; see also Meadow Park Garden Assocs., 54 Wn. App. at 372 (holding that "one is entitled to a jury trial on contested issues in an unlawful detainer action including the ultimate issue of possession").

It is important to note that the Websters and Litz agree that a preponderance of the evidence supported the trial court's issuance of the writ of restitution awarding immediate possession of the property to the Websters. The only issue on appeal is whether there were material issues of fact sufficient to compel a trial on the Websters request for "other relief" under RCW 59.18.380.

Here, at the show cause hearing, Wade, Marivic, Butts, and Hamilton provided circumstantial evidence of the use of methamphetamine on the property. Specifically, Wade testified that he smelled vapors that caused him to have headaches and feel nauseous. He stated that he noticed plastic gallon jugs, toilet bowl cleaner, and torn up hypodermic needles in their recycling bin. Once, he saw Litz smoking outside from a glass pipe, but he could not identify the substance. And when asked if he had seen anything around the house that would indicate Litz was using drugs, he stated, "[T]here's a blue powder on the windowsill in the bathroom . . . where he is."[15]

Marivic testified that she often "smelled burning" late at night.[16] She stated that the "burning smells" caused her nausea, headaches, and a dry nose and throat.[17] She also testified that she never saw Litz smoking methamphetamine on the property.

---

[15] RP (May 15, 2020) at 22.

[16] Id. at 90.

[17] Id. at 93.

Butts stated that the last time he visited the Websters, he noticed a "burning plastic-type smell."[18] Hamilton testified that two of the three samples she tested outside of Litz's unit were positive for methamphetamine residue. She stated that the samples taken from outside the apartment by the downstairs entry hallway and the upstairs bathroom tested positive for methamphetamine. But she also testified that methamphetamine residue can remain on walls and surfaces for years.

Litz testified that he never used or produced any drugs on the property. Specifically, he stated that he never smoked methamphetamine on the property and that no guests visiting him ever smoked methamphetamine on the property. He denied ever growing marijuana or burning anything on the premises. He testified that he smoked cigarettes but only outdoors. He also stated he used "construction marking chalk" on the windowsill outside the bathroom as part of his efforts to "mitigate [an] ant problem."[19]

The Websters contend that Litz failed to establish that there were substantial issues of material fact because he relied upon his "self-supporting conclusory argument" and provided "no evidence at all."[20] But Litz provided specific factual testimony that he never used methamphetamine or any other drugs on the premises, that he never produced or cooked methamphetamine on the property, and that no one visiting him at the residence ever smoked

---

[18] Id. at 103.

[19] RP (May 15, 2020) at 67, 70-71.

[20] Resp't's Br. at 12.

7

methamphetamine.  Because a question of fact existed about the use and presence of methamphetamine on the premises, a trial was required before the court could grant the Websters' request for "other relief."

And although the court's finding that "more likely than not [ ] Mr. Litz is using methamphetamines on the property"[21] supported the court's award of immediate possession to the Websters by a preponderance of the evidence, that "finding" is not the final resolution when a landlord is seeking "other relief" and issues of material fact persist.  When a court grants a writ of restitution entitling the landlord to immediate possession of the property, that right is entirely distinct from the final resolution of the material issues of fact disputed by the parties.

RCW 59.18.380 refers both to "substantial issue[s] of material fact as to whether or not the plaintiff is entitled to other relief" and to "genuine issue[s] of material fact pertaining to a legal or equitable defense or set-off raised in the defendant's answer."  Litz and amici curiae, the Northwest Justice Project and the Tacoma-Pierce County Housing Justice Project, urge this court to clarify the "substantial issues of material fact" and "genuine issues of material fact" standards at an unlawful detainer show cause hearing and to address whether they are the same as the CR 56 "genuine issues of material fact" summary judgment standard.

But the narrow question presented by a landlord's request for "other relief" at a show cause hearing is whether there are issues of material fact warranting a trial.  Because the burden is on the tenant, the evidence must be considered in the

---

[21] RP (May 15, 2020) at 153.

light most favorable to the tenant; otherwise, the purpose of RCW 59.18.380 would be thwarted.

On the existing limited briefing, we decline to address whether there is any nuanced distinction between the legislature's use of both "substantial issues of material fact" and "genuine issues of material fact" in RCW 59.18.380. Litz's testimony established material issues of fact as to the core question whether he used methamphetamine on the premises. Those material issues of fact in this setting compelled a trial before a final judgment could be entered.

II. Fees on Appeal

The Websters contend that they are entitled to attorney fees pursuant to RAP 18.9(a) because Litz's appeal was frivolous. An appeal is frivolous if it "presents no debatable issues and is so devoid of merit that there is no reasonable possibility of reversal."[22] Because Litz raised debatable issues, Litz's appeal is not frivolous.

The Websters also request attorney fees pursuant to RAP 18.1, which allows an award of attorney fees where authorized by statute, contract, or equity. The Websters argue that they are entitled to costs and attorney fees under RCW 26.09.140. But that statute applies only to domestic relations proceedings and does not authorize an award of attorney fees or costs in an unlawful detainer action. The Websters also cite generally to Martinez v. City of Tacoma[23] as a

---

[22] Streater v. White, 26 Wn. App. 430, 434, 613 P.2d 187 (1980).
[23] 81 Wn. App. 228, 914 P.2d 86 (1996).

basis to award fees under RAP 18.1. But Martinez awarded fees pursuant to RCW 49.60.030,[24] which allows an award of attorney fees and costs from a successful discrimination claim. Because the Websters fail to cite authority authorizing an award of attorney fees in this action, we deny their request.[25]

The final judgment entered by the trial court is reversed and this matter is remanded for further proceedings consistent with this opinion.

WE CONCUR:

---

[24] 81 Wn. App. at 245-26.

[25] See Stiles v. Kearney, 168 Wn. App. 250, 267, 277 P.3d 9 (2012) ("Argument and citation to authority are required under the rule to advise the court of the appropriate grounds for an award of attorney fees as costs.") (citing Austin v. U.S. Bank of Wash., 73 Wn. App. 293, 313, 869 P.2d 404 (1994)).