[No. 5771–9–II.   Division Two.   November 1, 1983.]

COMMUNITY INVESTMENTS, LTD., *Appellant,* v. SAFEWAY
STORES, INC., *Respondent.*

*David Hancock,* for appellant.

*Delbert D. Miller,* for respondent.

REED, J.—At the end of April 1981, Safeway Stores, Inc.,
closed and vacated its grocery store at the Port Townsend
Plaza Shopping Center. Community Investments, Ltd.
(CIL) is the owner of the shopping center. Safeway had

been a tenant at the shopping center under a written lease since 1965. Safeway contemplated realizing the increase in value of its leasehold by subleasing at a rental greater than it was required to pay CIL.

Before Safeway could find a subtenant, CIL filed an unlawful detainer complaint claiming that Safeway had breached the lease and praying for immediate possession of the premises. CIL considered Safeway its "anchor" tenant because Safeway's store attracted the foot traffic which supported the smaller satellite shops at the center. With the Safeway store vacant, CIL feared the shopping center would stagnate.[1]

CIL chose the unlawful detainer remedy as a means of gaining a swift resolution of its landlord–tenant dispute because cases brought under the unlawful detainer statute, RCW 59.12, take priority over all other civil actions. *See* RCW 59.12.130. CIL thus could insure that the store remained empty for the shortest possible time. Unfortunately for CIL, it proceeded a bit too hastily.

On May 15, 1981, as a prerequisite to bringing its unlawful detainer action, CIL sent Safeway a notice of default stating that Safeway had breached its lease by failing to maintain an active and ongoing business at the shopping center. The lease between CIL and Safeway contains no express covenant to this effect. CIL sought to establish the existence of the covenant by necessary implication from Safeway's position as anchor tenant and to rely on breach of this "implied covenant" in its unlawful detainer action. The default notice of May 15 specified that Safeway had 20 days to cure the default or surrender possession. The lease provides that the landlord must give 20 days' notice in the event of a default by the tenant. Five days later, on May 20, 1981, Safeway received a second notice of default. This notice stated the same ground of default but gave Safeway

---

[1]Safeway informed us in its brief that it has subleased the store to another grocery store chain. That chain has been operating a grocery store at the shopping center since January 1982.

only 10 days in which to cure or surrender possession. The unlawful detainer statute provides for a 10–day notice to the tenant when the breach claimed is other than a failure to pay rent. RCW 59.12.030(4). On June 3, 1981, when the default was not cured and the premises remained vacant, CIL served and filed its complaint in unlawful detainer.

Safeway immediately moved to dismiss the complaint for lack of personal jurisdiction, lack of subject matter jurisdiction, and failure to state a claim upon which relief could be granted. The complaint alleged the giving of only the 10–day notice of May 20, 1981. After considering all three claims, the trial court dismissed the complaint for failure to state a claim under the unlawful detainer statute. It is not clear from the trial judge's oral decision whether he believed the complaint was deficient because of procedural defects in pursuing the unlawful detainer statute, or because the unlawful detainer remedy could not be based on the breach of an implied covenant, or both. Leave was given to amend with the expectation that a different theory of recovery would be alleged. CIL amended but added only an allegation that it had sent the 20–day notice required under the lease. The trial court then summarily dismissed the amended complaint for failure to state a claim. CIL appeals.

We do not reach the fundamental question presented in this appeal, which is whether an unlawful detainer action can be based on breach of an implied covenant in a lease. A threshold jurisdictional question is dispositive, *i.e.,* whether CIL gave Safeway adequate time in which to cure its default before commencing its action. We find that it did not and affirm the dismissal of the amended complaint on this basis.

■ CIL was required to give Safeway 20 days' notice of default. Although the unlawful detainer statute provides for a 10–day notice when the default claimed is breach of a covenant other than a covenant to pay rent, RCW 59.12-.030(4), Safeway contracted with CIL for 20 days' notice. Paragraph 16 of their lease states:

> If lessee shall be in default *for more than twenty (20) days* after receipt of lessor's notice specifying such default, lessor may declare the term ended and re–enter the leased premises with or without process of law.

(Italics ours.) This is a clear reference to the unlawful detainer statute. The parties validly having contracted in their lease for a longer time period than the statute provides are bound by that provision. *Income Properties Inv. Corp. v. Trefethen,* 155 Wash. 493, 284 P. 782 (1930).

■ CIL argues that because paragraph 21[2] of the lease states that remedies shall be cumulative, it can elect to pursue the statutory remedy and proceed after only 10 days' notice. The simple answer to this argument is that notice is not a remedy. Paragraph 16 provides for notice; it does not create a remedy. CIL was bound by its lease to give Safeway 20 days' notice before it commenced its unlawful detainer action.

CIL did not give Safeway 20 days in which to cure its alleged default before bringing suit. The 20–day notice was received by Safeway on May 15, 1981. CIL filed its original complaint on June 3, 1981. An action is commenced by filing the complaint. CR 3(a). From May 15 to June 3 is only 19 days.[3] CIL's later filing of an amended complaint could not undo the earlier commencement of the action. CR 15(c).

■ Nineteen days was insufficient notice. The statutory unlawful detainer action is a summary proceeding unknown to the common law. *Kessler v. Nielsen,* 3 Wn. App. 120, 472 P.2d 616 (1970). The provisions governing the time and

---

[2]Paragraph 21 of the lease reads as follows:

"No remedy herein conferred upon or reserved to Lessor or Lessee shall exclude any other remedy herein or by law provided, but each shall be cumulative and in addition to every other remedy given hereunder or now or hereafter existing at law or in equity or by statute."

[3]If, as CIL argues, the service was actually completed when Safeway received a summons on June 4, the 20th day after May 15, the action still was premature because Safeway was not given a full 20 days to remedy its alleged default, as provided in paragraph 16.

manner of bringing an unlawful detainer action are to be strictly construed. *Smith v. Seattle Camp 69, Woodmen of the World,* 57 Wash. 556, 107 P. 372 (1910). When a tenant contracts with his landlord for a notice period longer than the statutory period, he is entitled to the full time stated just as he is under the statute. Because CIL commenced its action on the 19th day, its suit was premature; the superior court never obtained jurisdiction over Safeway or the cause. *Sowers v. Lewis,* 49 Wn.2d 891, 307 P.2d 1064 (1957); *Little v. Catania,* 48 Wn.2d 890, 297 P.2d 255 (1956). Because the trial court did not have jurisdiction in the first instance, it also lacked jurisdiction to authorize an amendment of the pleadings under the unlawful detainer statutes.

■ Although it is not clear that the trial court based its dismissal in part on a lack of jurisdiction, we may sustain the trial court's decision on any grounds within the pleadings and the proof. *Northwest Collectors, Inc. v. Enders,* 74 Wn.2d 585, 446 P.2d 200 (1968); *Lundgren v. Kieren,* 64 Wn.2d 672, 393 P.2d 625 (1964). Therefore, we affirm the trial court's order dismissing the amended complaint.

Affirmed.

WORSWICK, A.C.J., and PETRIE, J., concur.