# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| KRISTIE J. TEDFORD, | No.  52222-5-II |
| Respondent, | |
| v. | |
| CHARLES L. GUY and ANGIE C. MATTLER, Any Subtenants, and All Others Acting By or Through Them, | UNPUBLISHED OPINION |
| Appellants. | |

SUTTON, J. — Charles Guy and Angie Mattler appeal the superior court's orders (1) denying their motion to revise, (2) adopting the court commissioner's findings of fact, conclusions of law, and order granting a writ of restitution and awarding attorney fees and costs in an unlawful detainer action brought by their former landlord, Kristie Tedford, and (3) awarding supplemental attorney fees and costs and entering judgments.  After conducting a show cause hearing, the commissioner concluded as a matter of law that Tedford did not retaliate against Guy and Mattler based on their request to install smoke detectors in the rental house and granted Tedford's motion for a writ and struck the trial date as there were no remaining material issues of fact in dispute for trial.

On appeal, Guy and Mattler argue that the superior court erred because (1) the commissioner conducted an improper show cause hearing when she limited Guy's testimony and struck the trial date because a trial was necessary on their affirmative defense of retaliation and (2)

Tedford retaliated against them by moving for a writ of restitution after they requested that smoke detectors be installed. We hold that the superior court properly denied the motion to revise, awarded additional attorney fees and costs to Tedford, and entered judgments. Thus, we affirm the superior court's orders and judgments.

FACTS

I. LEASE AGREEMENT

Tedford owns and rents a house in Olympia. Tedford agreed with Mattler, via text messages, that Mattler and Guy could rent the house.

On March 7, 2018, the following text exchange occurred between Tedford and Mattler:

Mattler: Hi Kristie, I noticed there's no smoke alarms in the house. Are you planning on hiring someone to install them? For safety reasons is why I'm asking. Also, out of curiosity, when was the chimney last cleaned? I just don't want to use wood stove if it's unsafe. Thank you.

Tedford: Gosh I can't believe that there are none there used to be as you might see[.] The chimney sweep was there 6 months ago he did all of my houses[.] Are you still happy? There is also supposed to be a carbon monoxide detector in the kitchen[.] I know there's a spare one at my house but[] it's easier to just ask[.]

Mattler: No we looked everywhere maybe thinking they were in a closet or garage. Would you like us to get them and send you receipt?

. . . .

Tedford: Yeah sure go by the smoke alarms I can't believe that they're not there[.]

. . . .

Mattler: Oh, did you get the paperwork? I sent it priority[.]

Tedford: I just charged up my phone I checked my bank account I see that you finally paid your February rent, with no deposit. I'm still waiting for your March rent. And I think that I have the original of lease agreement or is this a copy of the lease agreement?

Mattler: I had originally sent you the original agreement but you said you never received it. So [I] sent you a copy that I had made before sending it to you. I put cash in your account for February last Tuesday, you just now received it? And yes March is going in on Friday with some deposit.

2

Clerk's Papers (CP) at 62-65.

Two days later, the following text exchange took place:

Tedford: If you say you're happy then okay I have to believe that[.] I'll expect your partial deposit and your rent[.] And I will send you a receipt for your partial deposit and your rent[.]

Mattler: I think you misunderstood me. I was not complaining about anything.

CP at 70.

Before April 18, 2018, Guy and Mattler issued two rent checks that were returned for non-sufficient funds. Guy and Mattler also failed to pay the $1000 security deposit. On April 18, Tedford served Guy and Mattler with both a 10-day notice to comply or vacate for failure to pay the security deposit, and a 20-day notice to terminate the tenancy, effective May 31.

On June 1, Tedford served Guy and Mattler with a summons and complaint for unlawful detainer based on the 20-day notice to terminate the tenancy for no cause. In response to the complaint, Guy and Mattler filed a memorandum claiming they were current on their rent and thus, were in compliance with the rental agreement, and that Tedford had filed the unlawful detainer action against them in retaliation because they were "asserting their right to have smoke and carbon monoxide detectors in the home." CP at 19.

## II. SHOW CAUSE HEARINGS

At the initial show cause hearing on June 15, the commissioner heard arguments from both parties. There was substantial disagreement over the terms of the lease and whether the lease duration was for a one year or a month-to-month tenancy. The parties also argued the retaliation defense. The commissioner continued the show cause hearing to July 6, 2018, so that the parties could present more complete evidence and testimony, and proceed to trial if necessary.

At the second show cause hearing both parties were present and Mattler and Tedford testified. Their testimony mainly related to disputes over the duration of the lease.

Mattler and Tedford also testified as to the retaliation defense. When Tedford was asked about why she served Guy and Mattler with the 20-day notice to terminate the tenancy, she testified:

A. I was mostly upset that I couldn't have an original lease agreement.

Q. At the time you issued the termination, had you – had the tenants tendered two NSF[1] checks to you?

A. Yes.

Q. And at that time, they had not paid their deposit; is that correct?

A. By that time, she didn't issue me a second original lease agreement. I said, "You know what, I think I'm done." And so I said, "Just move out, you don't need a deposit." When I came home, I said, "[my attorney] said no, no, no, you need to get a deposit." And so then we said, "Okay, going to make it with a deposit. When you move out, you get your deposit back."

CP at 246-47. Tedford also testified that she terminated the tenancy because she never received the original lease agreement, not because of Guy's and Mattler's request.

In addition to her testimony about the duration of the lease agreement, Mattler testified about the late rent payments and stated that they were current on their rent on April 18, the date Tedford served the 20-day notice to terminate the tenancy. Mattler also stated in her declaration that the security deposit had not yet been due on April 18.

At the conclusion of Mattler's testimony, the commissioner had the following discussion with Guy's and Mattler's attorney,

---

[1] NSF stands for non-sufficient funds.

> Counsel:  I have some brief questions for Mr. Guy.
>
> Court:  Okay. And is that about the retaliation issue?
>
> Counsel:  It's about the NSF checks, which goes to the defense to the retaliation issue.
>
> Court:  Okay. I'm not going to find that relevant.
>
> Counsel:  Okay.

CP at 282.  Defense counsel made no offer of proof of Guy's proffered testimony, and he did not argue that the proffered testimony was, in fact, relevant.

> On the retaliation defense, the commissioner stated,
>
> There's been an allegation that this lease was terminated because there was something said about an absence of smoke detectors.  I've read the evidence on that.  It was a casual conversation.  There was never a demand to replace the smoke detector, the demand of sort which might lead the court to find that it was a retaliatory eviction.

CP at 50.

> The commissioner granted a writ of restitution, reserved judgment, and struck the trial date.

The commissioner issued written findings of fact and conclusions of law, and entered a judgment in favor of Tedford, including attorney fees and costs totaling $4,962.

> The commissioner entered the following conclusion of law:
>
> 10.  Further, the Court rejects [Guy's and Mattler's] argument that [Tedford's] Notice of Termination was a retaliatory act in violation of RCW 59.18.240. The Court specifically rules that, although [Guy and Mattler] informed [Tedford] about the absence of smoke detectors in the house and discussed their absence with [Tedford], the Defendants never formally demanded that [Tedford] install smoke detectors and therefore [Tedford] was not retaliating against Defendants for the Defendants' assertion of any right under RCW 59.18, as required for a successful defense of retaliatory eviction.

CP at 300-01.

No. 52222-5-II

### III. REVISION HEARING

Guy and Mattler filed a motion to revise the commissioner's decision with the superior court. At the time of the revision hearing, Guy and Mattler had voluntarily moved out of the house on August 1, 2018.

The superior court denied the motion for revision and issued a written order adopting the commissioner's findings, conclusions, and decision granting the writ and concluding that Tedford did not retaliate. The superior court then awarded additional attorney fees and costs for Tedford and entered a supplemental judgment in the amount of $1,000.

Guy and Mattler appeal.

### ANALYSIS[2]

### I. LEGAL PRINCIPLES

Show cause hearings are summary proceedings to determine the issue of possession pending a lawsuit. *Carlstrom v. Hanline*, 98 Wn. App. 780, 788, 990 P.2d 986 (2000). The Residential Landlord-Tenant Act of 1973 applies when a dispute involves a residential lease.

---

[2] Preliminarily, Tedford argues that this case is moot because Guy and Mattler voluntarily vacated the house and returned their keys on August 1, 2018, they do not assert a right of possession, and they were not evicted, and thus, there is no relief that this court can grant. "A case is technically moot if the court cannot provide the basic relief originally sought, or can no longer provide effective relief." *Snohomish County v. State*, 69 Wn. App. 655, 660, 850 P.2d 546 (1993) (internal citation omitted). However, an unlawful detainer action is not moot "simply because the tenant no longer has possession of the premises." *IBF, LLC v. Heuft*, 141 Wn. App. 624, 631, 174 P.3d 95 (2007). A tenant has the right to have the issues resolved if she does not "concede the right of possession." *Heuft*, 141 Wn. App. at 631. If a tenant has a monetary stake in the outcome of the proceedings, "[o]bviously, [such a] case is not moot." *McGary v. Westlake Investors*, 99 Wn.2d 280, 284, 661 P.2d 971 (1983). Because Guy and Mattler have a judgment against them that will be vacated if this case is reversed, they have a monetary stake in the outcome of the proceedings, and we hold that the case is not moot.

6

RCW 59.18. A tenant cannot exclude the landlord "after the termination of the rental agreement [and] . . . [a]ny landlord so deprived of possession . . . may recover possession of the property and damages sustained by him or her . . . and reasonable attorneys' fees." RCW 59.18.290(2).

A tenancy on oral terms is presumed to be a month to month lease. RCW 59.18.200(1)(a). Such tenancy may be terminated by written notice of twenty days or more. RCW 59.18.200(1)(a). Further, a tenant is liable for unlawful detainer when he or she retains possession of a property he or she leased month-to-month more than twenty days after receiving notice from the landlord to vacate the premises. RCW 59.12.030(2). Summary proceedings in a show cause hearing do not violate a tenant's right to due process. *Carlstrom,* 98 Wn. App. at 790. A jury trial at the initial stage of the unlawful detainer action is not available because it is a summary proceeding. *Carlstrom*, 98 Wn. App. at 788.

In a show cause proceeding, the commissioner conducts an evidentiary hearing on the landlord's motion for a writ of restitution to return possession of the premises to the landlord. RCW 59.18.380. At the proceeding, the tenant is entitled to answer and may assert any legal or equitable defenses arising out of the tenancy; the commissioner considers testimony and must examine the witnesses. RCW 59.18.380; *Leda v. Whisnand*, 150 Wn. App. 69, 80, 207 P.3d 468 (2009). If the commissioner finds that the landlord has the right to repossess the property, it will enter an order directing issuance of the writ. RCW 59.18.380. If the commissioner finds that the landlord does not have the right to repossess the property, it will enter an order directing the parties to proceed to trial. RCW 59.18.380. The prevailing party in an unlawful detainer action may recover his or her costs and reasonable attorney fees under RCW 59.18.290(2).

Under RCW 59.18.380, "it is undisputed that a defendant at such a hearing is not entitled to a full trial." *Leda*, 150 Wn. App. at 81. Rather, the statute refers to the hearing on the motion for a writ and provides that the court shall ascertain the merits of the complaint and answer, and that the court shall either deny the motion or order the issuance of the writ. RCW 59.18.380. If there are genuine issues of material fact regarding possession or defenses raised by the tenant, the court sets the matter for trial. RCW 59.18.380.

The commissioner or the court may not "disregard evidence that credibly supports a legitimate defense." *Leda,* 150 Wn. App. at 81. A tenant who raises a viable defense is entitled to testify in support of that defense. *Leda*, 150 Wn. App. at 82. The court must give the defendant a "'meaningful opportunity to be heard.'" *Leda*, 150 Wn. App. at 83 (quoting *Carlstrom*, 98 Wn. App. at 790). However, RCW 59.18.380 allows a court or commissioner to "limit testimony to that which is strictly necessary to properly decide the issue of interim possession of the property." *Leda*, 150 Wn. App. at 83.

Article 4, section 23 of the Washington Constitution and RCW 2.24.050 provide that all acts and proceedings of court commissioners are subject to review by the superior court. The party seeking review must do so in writing within ten days after the entry of an order or judgment by the commissioner. RCW 2.24.050. The superior court has the authority to review the "records of the case and a commissioner's findings of fact and conclusions of law." *Perez v. Garcia*, 148 Wn. App. 131, 138, 198 P.3d 539 (2009) (citing WASH. CONST. art. IV, § 23; RCW 2.24.050). "Under RCW 2.24.050, the findings and orders of a court commissioner not successfully revised become the orders and findings of the superior court. A court's order denying a motion to revise constitutes

an adoption of the commissioner's decision, and the court is not required to enter separate findings and conclusions." *Maldonado v. Maldonado*, 197 Wn. App. 779, 789, 391 P.3d 546 (2017).

"On appeal, this court reviews the superior court's ruling, not the commissioner's." *Maldonado*, 197 Wn. App. at 789. Thus, here we review the superior court's order adopting the commissioner's rulings, findings of fact, and conclusions of law. We review a trial court's findings of fact in an unlawful detainer action for substantial evidence. *Pham v. Corbett*, 187 Wn. App. 816, 825, 351 P.3d 214 (2015). Unchallenged findings of fact are verities on appeal. *Pham*, 187 Wn. App. at 825. We review conclusions of law de novo. *Pham*, 187 Wn. App. at 825. Here, only conclusion of law 10 is at issue.

## II. SHOW CAUSE PROCEEDINGS AND TRIAL

Guy and Mattler claim that the superior court erred by adopting the commissioner's decision because the commissioner did not conduct a proper show cause proceeding when it limited Guy's proffered testimony to relevant evidence. We hold that because the commissioner conducted a proper show cause proceeding, including limiting the evidence to relevant evidence, the superior court did not err.

A court has wide discretion to determine whether evidence is relevant under ER 401. *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384, 128 S. Ct. 1140, 170 L. Ed. 2d 1 (2008). "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." ER 401.

"'A trial court's refusal to allow testimony is reviewed for [an] abuse of discretion.'" *Leda,* 150 Wn. App. 69, 79 n.2 (quoting *Goodell v. ITT-Federal Support Serv., Inc.*, 89 Wn.2d 488, 493,

573 P.2d 1292 (1978)). "'A trial court abuses its discretion when its order is manifestly unreasonable or based on untenable grounds.'" *Leda,* 150 Wn. App. at 79 n.2 (quoting *Wash. State Phys. Ins. Exch. & Ass'n v. Fisons Corp.*, 122 Wn.2d 299, 339, 858 P.2d 1054 (1993). "A trial court necessarily abuses its discretion if its ruling is based on an erroneous view of the law." *Leda* 150 Wn. App. at 79 n.2 (citing *Dix v. ICT Group, Inc.*, 160 Wn.2d 826, 833, 161 P.3d 1016 (2007)). A trial court's erroneous refusal to admit evidence will only merit reversal if the error prejudiced the party seeking the admission; that is, "within reasonable probabilities, the outcome of the trial would have been materially affected had the error not occurred." *Saldivar v. Momah*, 145 Wn. App. 365, 401, 186 P.3d 1117 (2008).

Here, the commissioner ruled that Guy's proffered testimony, relating to insufficient funds for the rent checks, was not relevant to the issue of retaliation and that there was other substantial evidence for the commissioner to enter her findings and conclusions. Counsel for Guy and Mattler did not object to the commissioner's ruling, or make an offer of proof as to what Guy would testify to if permitted. We hold that because the commissioner did not abuse her discretion by limiting Guy's testimony to relevant evidence, the superior court did not err.

### III. DEFENSE OF RETALIATION TO UNLAWFUL DETAINER ACTION

Guy and Mattler argue that the superior court erred by denying their motion to revise because (1) the commissioner erred by ruling that they did not assert any right related to smoke and carbon monoxide detectors in order to raise a presumption that the unlawful detainer action was retaliatory, (2) Tedford's "begrudging compliance" does not mean she did not retaliate, and (3) a full trial is required. Br. of App. at 15.

We disagree and hold that (1) because Guy and Mattler were in breach of the lease at the time Tedford served them with the twenty-day notice to terminate, the presumption is that Tedford's actions were not retaliatory, and Guy and Mattler had the burden at the show cause proceeding to establish that Tedford's actions were retaliatory, and they failed to meet their burden. We also hold that (2) substantial evidence supports the conclusion of law that Tedford did not retaliate, and (3) because there are no genuine issues of material fact, a trial is not required. Thus, we further hold that the superior court did not err when it denied the motion to revise, adopted the commissioner's findings, conclusions, and decision, awarded additional attorney fees and costs, and entered the judgments.

A. RETALIATORY EVICTION

Under RCW 59.18.240, so long as the tenant is in compliance with chapter 59.18 RCW, a landlord "shall not take or threaten to take reprisals or retaliatory action against the tenant because of any good faith and lawful . . . [a]ssertions or enforcement by the tenant of his or her rights and remedies under this chapter."[3] This includes evicting the tenant. RCW 59.18.240. RCW 59.18.250 provides that if an eviction is initiated within ninety days after the tenant asserts a right, there is a "rebuttable presumption affecting the burden of proof" that the action is retaliatory. However, if the tenant is in arrears in rent or is otherwise in breach of the rental obligation, there is a rebuttable presumption that the unlawful detainer complaint was not retaliatory. RCW 59.18.250. RCW 59.18.250 allows for an award of attorney fees and costs to the prevailing party.

---

[3] Guy and Mattler argue that RCW 43.44.110 requires smoke detectors to be installed in all dwelling units to be in conformance with certain standards, and thus, the requirement for smoke detectors falls under RCW 59.18.060(1) and (12), which lay out a landlord's duties. This is true, and Tedford has not argued that it is untrue.

Guy and Mattler were current on their rent at the time Tedford initiated the eviction proceedings by serving them with a twenty-day notice to terminate the tenancy. However, they were in breach of their rental agreement because they had not paid their security deposit, they had tendered two late rent checks, and the rental agreement was not fully executed

Because Guy and Mattler were in breach of their rental agreement on April 18, the date Tedford served them with the twenty-day notice to terminate the tenancy, the presumption is that the unlawful detainer action by Tedford *was not* retaliatory, even though it was initiated within ninety days of Mattler asserting her right to the smoke and carbon monoxide detectors, assuming she did assert her right. RCW 59.18.250. Thus, at the show cause proceeding, the burden was on Guy and Mattler to prove that the unlawful detainer action was retaliatory.

Here, Tedford testified that (1) she never received an original lease agreement, (2) she received multiple NSF checks, and (3) she did not receive the security deposit when she expected it. The commissioner found Tedford's testimony credible as to why she initiated the lawful detainer action to terminate the tenancy.[4] These findings, adopted by the superior court on review, are verities. *Pham*, 187 Wn. App. at 825. "Reviewing courts will not reweigh the evidence or the credibility of witnesses on appeal." *State v. Living Essentials, LLC*, 8 Wn. App. 2d 1, 15, 436 P.3d 857 (2019), *review denied*, 193 Wn.2d 1040. Thus, the commissioner correctly concluded that Guy and Mattler could not meet their burden to show that the unlawful detainer action was retaliatory, and it properly issued a writ of restitution.

---

[4] Notably, Guy and Mattler also fail to argue that the conclusion, that Tedford's actions were not retaliatory, is not supported by the findings.

12

Because Guy and Mattler cannot overcome the presumption that Tedford did not retaliate, and the commissioner properly concluded that Tedford's actions were not retaliatory as a matter of law, we hold that the superior court did not err by denying their motion to revise and by adopting the commissioner's decision.

B.  STRIKING THE TRIAL

Guy and Mattler next argue that the commissioner erred by striking the trial date after granting Tedford's motion for a writ of restitution because they are entitled to a trial on their retaliation defense, and if they prevail, they would be entitled to an award of attorney fees and costs under RCW 59.18.250.[5]  We hold that because the commissioner did not err by striking the trial date, the superior court did not err.

We review a decision to strike a trial date in an unlawful detainer action for an abuse of discretion.  *Thompson v. Butler*, 4 Wn. App. 452, 455, 482 P.2d 791 (1971).  Under RCW 59.18.380, the court has the discretion to determine if trial is necessary "[i]f it appears to the court that there is a substantial issue of material fact."

A trial is proper only when there are genuine issues of material fact regarding possession or defenses raised by the tenant.  RCW 59.18.380.  Here, there were no genuine issues of material fact remaining for trial as Guy and Mattler do not assert a right of possession.  RCW 59.18.380.  Therefore, it was proper for the commissioner to strike the trial date.  Accordingly, we hold that after granting the writ and determining that there were no genuine issues of material fact remaining

---

[5] Because Guy and Mattler do not prevail, we do not address this argument.

for trial, the commissioner did not err by striking the trial date, and thus, the superior court did not err by adopting the commissioner's decision.

## ATTORNEY FEES

Guy and Mattler request an award of attorney fees on appeal under RAP 18.1 and RCW 59.18.250. Tedford requests an award of attorney fees on appeal under RAP 18.1 and RCW 59.18.410.

RAP 18.1 authorizes a party to recover reasonable attorney fees and expenses so long as the party "request[s] the fees or expenses" and "applicable law grants to a party the right to recover." RAP 18.1(a). The party must do so in a separate section of his or her opening brief. RAP 18.1(b). We will award attorney fees to the prevailing party "only on the basis of a private agreement, a statute, or a recognized ground of equity." *Equitable Life Leasing Corp. v. Cedarbrook, Inc.*, 52 Wn. App. 497, 506, 761 P.2d 77 (1988). RCW 59.18.410(1) provides for reasonable attorney fees as provided in RCW 59.18.290, which states, "[w]here the court has entered a judgment in favor of the landlord restoring possession of the property to the landlord, the court may award reasonable attorneys' fees to the landlord." RCW 59.18.290(3).

We grant Tedford's request for attorney fees on appeal and deny Guy and Mattler's request for attorney fees on appeal.

## CONCLUSION

We affirm the superior court's orders and the judgments, and we award reasonable appellate fees to Tedford and deny appellate fees to Guy and Mattler.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
SUTTON, J.

We concur:

_____
MAXA, C.J.

_____
GLASGOW, J.