IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| NADINE HENSLER, Personal Representative of the Estate of Albert Hensler; and GREG and TERRY WILLIS, | No. 86844-6-I |
| | DIVISION ONE |
| Respondents, | |
| v. | UNPUBLISHED OPINION |
| JERRY TWYMAN and any/all Unknown Occupants, | |
| Appellants. | |

SMITH, C.J. — Jerry Twyman lived in his own mobile home on property he rented from Nadine Hensler. Hensler served Twyman with an eviction notice. When Twyman failed to vacate the property, Hensler filed a complaint for unlawful detainer. The court found Twyman liable for unlawful detainer. Twyman appeals and argues (1) the Residential Landlord-Tenant Act does not apply because he was only renting land, not a home and (2) the eviction notice was invalid. We hold the Residential Landlord-Tenant Act does not apply, but because the notice to Twyman also included reference to eviction pursuant to the unlawful detainer act, it was sufficient.

FACTS

In 2016, Jerry Twyman began renting land from Albert Hensler. Under their agreement, Twyman paid Albert $200 per month and was allowed to move

his mobile home onto the land. At the time Twyman moved onto the land, there were two other mobile homes on the premises, but he was the sole occupant beginning in 2020. When Albert died, Nadine Hensler became personal representative of the estate.

In April 2023, Hensler served Twyman with a 90-day notice to terminate tenancy. The heading of the notice indicated termination was "due to owner intent to sell property," but the body of the notice stated the notice was issued "pursuant to the authority granted landlords by RCW 59.12.030." In June 2023, before the 90-day window expired for Twyman to vacate the premises, Hensler sold the property to Greg and Terry Willis. When Twyman did not vacate the premises after the 90-day period, Hensler and the Willises[1] initiated an unlawful detainer action. An eviction show cause hearing was held in August 2023.

At the hearing, Twyman claimed the Residential Landlord-Tenant Act of 1973 (RLTA)[2] did not apply because he was not a "tenant" as defined in the RLTA. Additionally, Twyman noted that under the definitions of the RLTA, Hensler was not a landlord and no valid rental agreement existed. Twyman also claimed the 90-day notice he was served did not conform to the statutory requirements because the property was not a single-family residence and the sale of the property occurred before he vacated the property. The court found Twyman was properly served and liable for unlawful detainer. The court ordered

---

[1] Hensler and the Willises, in their capacities as plaintiffs, will hereby be referred to as "Hensler."

[2] Chapter 59.18 RCW.

a writ of restitution, judgment for back rent, and attorney fees and costs. Twyman appeals.

## Analysis

### Standard of Review

The parties disagree on whether the RLTA applies to this circumstance. This court reviews statutory interpretations de novo. *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9, 43 P.3d 4 (2002). In construing a statute, the court's objective is to ascertain the legislature's intent. *State v. Evergreen Freedom Found.*, 192 Wn.2d 782, 789, 432 P.3d 805 (2019). When a statute is unambiguous and its meaning is plain on its face, the court need not engage in statutory construction. *Evergreen*, 192 Wn.2d at 789. But when more than one interpretation is reasonable, the court "looks to the entire 'context of the statute in which the provision is found, [as well as] related provisions, amendments to the provision, and the statutory scheme as a whole' " to decipher the meaning of the text. *Evergreen*, 192 Wn.2d at 789 (alteration in original) (internal quotation marks omitted) (quoting *State v. Conover,* 183 Wn.2d 706, 711, 355 P.3d 1093 (2015)).

### Unlawful Detainer Statutes

Twyman claims the 90-day notice to terminate tenancy was not valid because (1) it did not provide him sufficient notice of the appropriate statute, (2) the RLTA does not apply to his situation, and (3) the notice was not timely served. Hensler contends that a plain reading of the RLTA permits Twyman's

eviction and, even if the RLTA does not apply, the unlawful detainer act (UDA)[3] does. We conclude the RLTA does not apply and Twyman should be given an opportunity for a hearing focused solely on the appropriate statute.

In Washington, the unlawful detainer process is governed by the UDA and the RLTA. See *Kiemle & Hagood Co. v. Daniels*, 26 Wn. App. 2d 199, 210, 528 P.3d 834 (2023). Unlawful detainer statutes "are in derogation of the common law and thus are strictly construed in favor of the tenant." *Hous. Auth. of City of Seattle v. Silva*, 94 Wn. App. 731, 734, 972 P.2d 952 (1999). The UDA applies unless supplanted by the RLTA. *Randy Reynolds & Assocs., Inc. v. Harmon*, 193 Wn.2d 143, 156, 437 P.3d 677 (2019); RCW 59.12.030. Unlike an action under the RLTA, actions initiated under the UDA cannot recover attorney fees. Compare RCW 59.18.650(4), with RCW 59.12.170.

The RLTA gives a landlord cause to evict a tenant when "[t]he tenant continues in possession after the owner elects to sell a single-family residence and the landlord has provided at least 90 days' advance written notice of the date the tenant's possession is to end." RCW 59.18.650(2)(e). Similarly, under the UDA, "a tenant of real property for a term less than life is liable for unlawful detainer" when the tenant remains on the property after they have been served with proper notice of eviction. RCW 59.12.030(3).

1. Application of the RLTA

Twyman argues the RLTA does not apply to his circumstances and, as such, he could not be evicted pursuant to RCW 59.18.650(2)(e). Hensler claims

---

[3] Chapter 59.12 RCW.

the eviction clearly falls within the language of the RLTA.  We agree with Twyman.

The RLTA specifically governs landlord-tenant relationships; thus, in order for it to apply, there must be a "tenant" and a "landlord."  RCW 59.18.911.  Under RCW 59.18.650(2)(e), a landlord may evict a tenant when the "tenant continues in possession after the owner elects to sell a single-family residence."  The following definitions apply under the RLTA:

- Dwelling Unit: "[A] structure or that part of a structure which is used as a home, residence, or sleeping place by one person or by two or more persons maintaining a common household, including but not limited to single-family residences and units of multiplexes, apartment buildings, and mobile homes."  RCW 59.18.030(10).

- Landlord: "[T]he owner, lessor, or sublessor of the dwelling unit or the property of which it is a part, and in addition means any person designated as representative of the owner, lessor, or sublessor including, but not limited to, an agent, a resident manager, or a designated property manager."  RCW 59.18.030(16).

- Rental Agreement: "[A]ll agreements which establish or modify the terms, conditions, rules, regulations, or any other provisions concerning the use and occupancy of a dwelling unit."  RCW 59.18.030(30).

- Single-Family Residence: "[A] structure maintained and used as a single dwelling unit. Notwithstanding that a dwelling unit shares one or more walls with another dwelling unit, it shall be deemed a single-family residence if it has direct access to a street and shares neither heating facilities nor hot water equipment, nor any other essential facility or service, with any other dwelling unit."  RCW 59.18.030(32).

- Tenant: "[A]ny person who is entitled to occupy a dwelling unit primarily for living or dwelling purposes under a rental agreement."
RCW 59.18.030(34).

Here, Twyman argues the RLTA does not apply and, specifically, the 90-Day Notice to Terminate Tenancy was not valid because the property was not a "single-family dwelling" as defined by the RLTA.  Twyman's argument relies

heavily on the unpublished opinion, *Parsons v. Mierz*.[4]  In ruling on the applicability of attorney fees, the court in *Parsons* found the plaintiff's occupancy of land did not create a landlord-tenant relationship as defined by the RLTA.  The court noted that, because Parson lived in his own motor home, not a "dwelling unit" as defined in the RLTA, Parson was not a tenant, Mierz was not his landlord, and, accordingly, there was no rental agreement.  Similarly, Twyman argues that because he lived in his own motor home, not a dwelling unit on the property, he was not a tenant; Hensler was not a landlord; and there was not a single-family residence or dwelling for Hensler to sell.  Twyman asserts that because the RLTA was not applicable to his situation, the 90-day notice to terminate tenancy was not valid.

Hensler contends that *Parsons* was wrongly decided and does not follow the clear language of the RLTA.  Hensler argues the opinion relies on reading provisions of the RLTA, specifically those including the terms "property" and "rental agreement" in isolation.  Hensler alleges the term "property" as used in the RLTA goes beyond the definition supplied and "clearly refers to real property, personal property, public property, or rental property."[5]  (Emphasis omitted.)  Hensler also contends that Parsons' interpretation of the term "rental agreement" is incorrect.  Hensler states that a "rental agreement" clearly encompasses the

---

[4]  No. 49324-1-II, slip op. (Wash. Ct. App. Apr. 10, 2018) (unpublished), https://www.courts.wa.gov/opinions/pdf/D2%2049324-1-II%20Unpublished%20Opinion.pdf.

land a dwelling unit is placed on, even if the dwelling unit itself is not owned by the landlord.

Contrary to Hensler's argument, the plain language of the RLTA does not support applying RCW 59.18.650(2)(e) to Twyman's situation. While Hensler contends the definition of "property" is incorrect in *Parsons*, that is irrelevant here because the statute at issue says "single-family residence," not "property." Specifically, RCW 59.18.650(2)(e) refers to the sale of a "single-family residence" and reiterates that "an owner 'elects to sell' when the owner makes reasonable attempts to sell the dwelling within 30 days after the tenant has vacate." Nowhere in this statute is "property" mentioned. The clear language of the statute refers to the sale of a dwelling unit, not just the property it sits upon. Because RCW 59.18.650(2)(e) is not implicated here, a notice to evict based on the RLTA is insufficient.

Because Hensler was not selling a "single-family residence," the RLTA does not apply.

2. Sufficiency of Notice and Judgment

Twyman claims the 90-day notice to terminate tenancy was insufficient because it failed to clearly identify the statute under which he was being evicted. Hensler contends the notice explicitly referred to the UDA and, thus, was adequate. We agree with Hensler and further conclude the judgment was insufficient for the same reason.

Before initiating an unlawful detainer action, a landlord must give proper notice to the tenant. *Kiemle*, 26 Wn. App. 2d at 841. Under the RLTA, notice

7

must include facts and circumstances that "support the cause or causes with enough specificity so as to enable the tenant to respond and prepare a defense to any incidents alleged." RCW 59.18.650(6)(b). Similarly, under the UDA, notice must be "sufficiently particular and certain so as not to deceive or mislead." *IBF, LLC v. Heuft*, 141 Wn. App. 624, 632, 174 P.3d 95 (2007).

Here, the notice given to Twyman clearly indicated his tenancy was ending, but was ambiguous as to which statute the termination relied upon. The notice given to Twyman had a heading reading "90-Day Notice to Terminate Tenancy Due to Owner Intent to Sell Property" and had an affidavit attached supporting as much. The "Owner Intent to Sell Property" provision is pursuant to the RLTA. But within the body of the notice, RCW 59.12.030(3) (UDA), not the RLTA, was cited.

In addition to the notice not clearly stating which statute Twyman's eviction was pursuant to, the trial court's ruling did not reference either the RLTA or the UDA. At the show cause hearing, Twyman only argued that the RLTA did not apply and the court did not inquire as to the UDA. The ruling granted attorney fees to Hensler, which are not available under the UDA, indicating the judgment was made in accordance with the RLTA, but this is only speculation. Because the notice included references to both the UDA and the RLTA and the judgment does not explicitly cite a statute, it is unclear which statute the court relied upon when making its ruling.

Hensler contends it does not matter which statute the court relied on because Twyman was given adequate time to vacate the property (more than the

8

20-days' notice as required by the UDA), and a show cause hearing was held, which would not be required under the UDA. See *IBF*, 141 Wn. App. at 634 ("[C]hapter 59.12 RCW governs unlawful detainer actions in general, and does not explicitly require show cause hearings.); RCW 59.12.090. But which statute the court relied upon in its ruling does matter because given that a hearing took place, Twyman is entitled to address the eviction under the UDA. In addition, an award of attorney fees would not be appropriate under the UDA.

Hensler also argues the invited error doctrine applies, but this argument is without merit. For the invited error doctrine to apply, Twyman would have had to "set up an alleged error and then complain about the error on appeal." *In re Est. of Muller*, 197 Wn. App. 477, 484, 389 P.3d 604 (2016). Here, all Twyman said at the hearing was, "[w]hile the plaintiff can still proceed with an eviction under the [UDA], we don't have a tenant under the RLTA." This statement did not assent to or materially contribute to an error nor does it address Twyman's concerns with an eviction pursuant to the UDA. Twyman simply provided that, while Hensler may bring an action under the UDA, any claim under the RLTA was not viable.

Because neither the notice or judgment clearly identified which statute the eviction was being pursued under, Twyman should have an opportunity to contest the eviction pursuant to the UDA.

3. Timeliness of Sale

Twyman also claims the 90-day notice to terminate tenancy was not valid because the sale of the property occurred before the notice expired. Because

9

the RLTA does not apply, we need not address this claim.

Attorney Fees

RAP 18.1 provides that applicable law may grant a party the right to recover reasonable attorney fees or expenses on review. A party requesting fees under RAP 18.1 must provide argument and citation to authority "to advise the court of the appropriate grounds for an award of attorney fees as costs." *Stiles v. Kearney*, 168 Wn. App. 250, 267, 277 P.3d 9 (2012).

Here, both Twyman and Hensler request an award of fees under RAP 18.1 and ground their argument in the RLTA.[6] Because the RLTA does not apply, neither party is entitled to attorney fees.

We vacate the judgment and remand for an eviction hearing pursuant to RCW 59.12.

_Smith, C.J._

WE CONCUR:

_Hazelrigg, A.C.J._     _Mann, J._

---

[6] Twyman relies on RCW 59.18.290(1) and RCW 59.18.650(4), while Hensler relies on RCW 59.18.290 and RCW 59.18.410(1).